By the Court. Bosworth, J.
This action is brought to recover damages for the forcible and wrongful taking, by the defendant, of certain personal property, from the possession of the plaintiff. The complaint charges, and the referee finds, that it was taken on or about the 14th of April, 1852. It was so taken, by a deputy sheriff, on an attachment issued at the suit of the defendant against Brooks & Hopkins, and was taken by the direction of the defendant.
There does not appear to have been any actual or constructive interference, by Carr & Burnett, with the taking of the property, at the time it was taken. Nothing was done by them which could be construed into an assent, by them, to that act, or into an adoption of it, until they executed an indemnity bond to the sheriff, on the 7th of July, 1852.
The cause of action stated in the complaint, arose prior to that time. All the acts constituting it had been done before that date, and Carr & Burnett had not, up to the giving of the indemnity bond, on the 7th of July, 1852, participated directly or indirectly in those acts. The case made, states as a fact, that this action was commenced about the 1st of July, 1852, by the service of a summons and complaint. The summons is dated the 30th of June, and the complaint was verified on the 1st of July, 1852.
The complaint was, therefore, drawn and verified before the bond of indemnity which Carr and Burnett delivered to the sheriff was executed, and the fact stated in the case, as to the time this .action was commenced, taken in connection with the date of the summons and the time of verifying the complaint, imports, that this action was brought before that bond was given.
The cause of action, in this case, was complete, on the taking of the property by the deputy sheriff, on Hoppock’s attachment. That act is stated to be the cause of action. In that act Carr and Burnett in no way participated.
The indemnity bond was not required of Carr and Burnett, nor was it given by them to indemnify the sheriff against the consequences of having taken the property on .the attachments, or for his subsequent detention of it.
He declined to sell it on the executions which were delivered to him on the 25th of June, 1852, unless .the several plaintiffs would indemnify him for so doing.
*503 The bond of indemnity given, recites, the recovery of a judgment against Brooks and Hopkins, the issuing of an execution thereon, and in terms, is conditioned to indemnify the sheriff against the consequences of levying and selling “ under and by virtue of said execution.”
This bond, by its terms, cannot justly be said to adopt any act, or to. express the assent of Carr and Burnett to any act of the sheriff anterior to the levying of the execution, described in such bond.
But that act forms no part of the cause of action stated in the complaint. That cause of action, as has been already mentioned, accrued upon the taking of the property on the 14th of April, 1852.
The referee has charged the defendant with the value of the property on that day, and with interest on such value from that date. '
Carr and Burnett were not only, not jointly liable with Hop-pock, for that tort, but they in no way participated in it. The plaintiff could not have maintained an action against them, as being actors in, or parties to, that transaction. The release which the plaintiff gave to Carr and Burnett on the 31st of August, 1855, did not, by its general language, include that transaction. It certainly does not, in express terms, purport to release them from it, or from the damages caused by it.
I think, therefore, that as it not only does not appear that Carr and Burnett had any connection with the act constituting the plaintiff’s present cause of action, but on the contrary, as it does appear, upon the facts as found, that all they did, was done to induce the sheriff to levy an execution in their favor on the property, and to sell under such levy, and that what they did do with that intent, was done after the complaint in this action was verified ; the release given in evidence, does not affect the plaintiff’s right to recover, and that the judgment should be affirmed.